**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONGXING LIN, | No. 10-71448 |
| Petitioner, | Agency No. A099-048-457 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:    LEAVY, GOULD, and BERZON, Circuit Judges.

Dongxing Lin, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of Lin's CAT claim because Lin failed to establish it is more likely than not he would be tortured. *See Go v. Holder*, 640 F.3d 1047, 1053-54 (9th Cir. 2011) (petitioner failed to show sufficient probability of torture to satisfy high CAT standard). Thus, Lin's CAT claim fails.

Substantial evidence does not, however, support the BIA's finding that Lin failed to establish his actual and/or imputed political opinion was or would be a central reason for arrest and mistreatment by the police, where Lin testified the police questioned him about his actions "to oppose the government" and beat him when he asserted the protest he led was an attempt to maintain his legal rights. *See Hu v. Holder*, 352 F.3d 1011, 1019 (9th Cir. 2011) ("Even though there might have been multiple motivations for the government's mistreatment of [the petitioner], his credible testimony compels a finding that one of the central reasons for his alleged persecution was because of a protected ground – his expression of a political opinion, actual or imputed.").

Thus, we grant Lin's petition for review with respect to his asylum and withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**